UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND, CENTRAL PENSION FUND
OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS AND PARTICIPATING EMPLOYERS,
WISCONSIN OPERATING ENGINEERS SKILL IMPROVEMENT
AND APPRENTICESHIP FUND, JOINT LABOR MANAGEMENT
WORK PRESERVATION FUND, OPERATING ENGINEERS
LOCAL 139 DEFINED CONTRIBUTION ANNUITY,
TERRANCE E. MCGOWAN, JOSEPH SHLETON and
INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 139,

        Plaintiffs,

                                                                   Case No. 23-373-pp

  v.

KMS EXCAVATING LLC,

        Defendant.

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10)
AND DISMISSING CASE**

---

On June 20, 2022, the plaintiffs filed a complaint against KMS Excavating LLC alleging violations of the Employee Retirement Income Security Act and the Labor-Management Relations Act. Dkt. No. 1. Despite accepting service on March 26, 2023, the defendant never has appeared. Dkt. No. 4. On May 4, 2023, the plaintiffs filed an application for entry of default, dkt. no. 6, and the clerk entered default the same day. On May 17, 2023, the plaintiffs filed a motion for judgment. Dkt. No. 10. The court will grant that motion.

1

## I. Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

On March 22, 2023, the plaintiffs filed their complaint, alleging that the defendant had violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132, 1145, and the Labor-Management Relations Act, 29 U.S.C. §185, by breaching its obligations to the plaintiffs under a collective bargaining agreement and various trust agreements. Dkt. No. 1 at ¶¶1-11. "After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it." Cardenas v. City of Chicago, 646 F.3d 1001, 1004 (7th Cir. 2011) (citing Federal Rules of Civil Procedure 4(b), (c)(1)). A plaintiff must serve the defendant "within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). A plaintiff may serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B).

On March 29, 2023, the plaintiffs filed an affidavit of service averring that on March 26, 2023 (four days after the plaintiffs filed the complaint), a process server had served the summons and complaint on "KMS EXCAVATING

LLC REGISTERED AGENT: KENT SCALLON, 252 FOX RUN, SAUK CITY, WI 53583." Dkt. No. 4. The affidavit of service states that Craig Malik served Scallon at the beige/brick two-story home with red shutters. Id. at 1. Malik saw the company truck parked in the driveway. Id. Malik averred that Scallon confirmed his identity and that he was the registered agent for KMS Excavating. Id. Scallon signed for and accepted the legal documents. Id. The Wisconsin Department of Financial Services web site shows that Scallon is the registered agent for KMA Excavating and that the office (and principal office) of the defendant is located at 252 Fox Run, Sauk City, WI 53583-1286. See https://wdfi.org/apps/corpSearch/Details.aspx?entityID=K048660&hash=1432164663&searchFunctionID=57f12b0b-23e2-472c-b695-95835b481ca9&type=Simple&q=KMS+Excavating.

Generally, a defendant's answer is due within twenty-one days after it is served with the summons and complaint, which means the defendant's deadline for answering or otherwise responding was April 17, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). The defendant did not make an appearance, file an answer or otherwise respond to the complaint—either by that date or at any other point during the lawsuit.

The court is satisfied that the plaintiffs effectuated service, the defendant was aware of the suit and the clerk's entry of default was proper.

**II.     Plaintiff's Motion for Default Judgment (Dkt. No. 10)**

After entry of default, a plaintiff may move for default judgment under Rule 55(b). When the court determines that a defendant is in default, the court

3

accepts as true the well-pleaded allegations in the complaint. Quincy Bioscience, LLC v. Ellishbooks, 957 F.3d 725, 729 (7th Cir. 2020) (citing Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012)). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the court to conduct this inquiry through hearings or referrals to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)). See also Wehrs, 688 F.3d at 892 ("Damages must be proved unless they are liquidated or capable of calculation.") (citation omitted).

The well-pleaded allegations of the complaint demonstrate that Local 139 and the defendant were parties to a collective bargaining agreement (CBA), as well as various trust agreements incorporated by reference in the CBA. Dkt. No. 1 at ¶¶4–5. Under both the CBA and the trust agreements, the defendant was, among other things, obligated to submit monthly reports, make benefit

4

contributions, pay administrative costs in the event of delinquency or untimely payment of contributions and submit to an audit. Dkt. No. 1 at ¶7. The complaint alleges that the defendant breached its obligations to the plaintiffs by failing to make payment of contributions, liquidated damages, interest and audit fees based on two audits of the defendant's payroll records. Id. at ¶8. The plaintiffs also allege that the defendant refused to provide "all required payroll records in order to perform a full and complete audit for the purpose of verifying the hours worked for months for which Defendant failed to submit Monthly Reports." Id. at ¶8.

Based on their review of the records, the plaintiffs allege that there is a total of $13,353.84 known to be due from the defendant for the audited periods of November 1, 2018 through October 31, 2020, and November 1, 2020 through August 31, 2022. Id. at ¶9. The plaintiffs also allege in Count II that the defendant has failed to remit $273.66 in union dues in violation of the CBA for the audited periods. Id. at ¶15. Plaintiff Joint Labor Management Work Preservation Fund a/k/a Construction Business Group alleges that it was a party to a CBA with the defendant and that the defendant failed to remit the contributions due in the amount of $184.95. Id. at ¶¶17-20. The plaintiffs allege that the defendants' acts and omissions are a breach of the CBA. Id. at ¶21.

The well-pled allegations of the complaint and supporting exhibits establish liability. e360 Insight, 500 F.3d at 602 ("A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each

cause of action alleged in the complaint."). ERISA entitles the plaintiffs to damages consisting of unpaid contributions, liquidated damages, interest and reasonable attorneys' fees and costs of the suit. 29 U.S.C. § 1132(g)(2). The court must conduct an inquiry to determine whether the plaintiffs have calculated the amount of damages with reasonable certainty. e360 Insight, 500 F.3d at 602. The court need not hold a hearing to determine damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id.

In support of their motion for default judgment, the plaintiffs attached an itemization of damages. The plaintiff funds' audit report establishes that the defendant is delinquent in the amount of $8,511.62 for the period November 1, 2020 through August 31, 2022.[1] Dkt. Nos. 15 at ¶6; 15-9. Additionally, the defendant owes interest in the amount of $1,538.43 and $3,289.69 for delinquent payment assessments. Id.

As for attorneys' fees and costs, the plaintiffs provided affidavits from their lawyers Cynthia Buchko, dkt. no. 13, and Laura Finnegan, dkt. no. 14. Buchko's affidavit includes a breakdown of tasks completed and time spent on the case, calculating that she expended 3.3 hours at a rate of $210 per hour. Dkt. No. 13 at ¶2. Buchko also attests that the plaintiffs "have incurred reasonable and necessary costs in the amount of $477 in the filing of this

---

[1] The audit report reflects a total of $8,535.38 for the Audit #2 reporting period. Dkt. No. 15-9. The requested amount is less than that ($8,511.42) and reflects the total of contributions owed minus the amounts listed in the "SATAP" and "NTF" columns. Id.

lawsuit as well as service of the summons and complaint on defendant." Id. at ¶9. This reflects a total of $1,170 in attorneys' fees and costs from Buchko's affidavit. Id. at ¶10. Finnegan's affidavit also provides a breakdown of tasks completed and time spent on the case, calculating that .75 hours were expended at $265 per hour for a total of $198.75 in attorneys' fees. Dkt. No. 14 at ¶2. Together, these affidavits reflect a total of $1,368.75 in attorneys' fees and costs, which is reflected in the plaintiffs' itemization of damages. The court finds these fees and costs to be reasonable.

The court will enter judgment in favor of the plaintiffs in the amount of $14,708.49. The evidence provided by the plaintiffs sufficiently establishes these calculations and total amounts, so a hearing is unnecessary. See e360 Insight, 500 F.3d at 602 (stating a hearing to determine damages is not necessary if the claimed amount is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits").

### III. Conclusion

The court **GRANTS** the plaintiffs' motion for default judgment. Dkt. No. 10.

The court **ORDERS** that the clerk must enter default judgment in the amount of $14,708.49 in favor of the plaintiffs and against the defendant for unpaid contributions, interest and delinquent payment assessments and reasonable attorneys' fees and costs.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of November, 2023.

                      **BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8

Case 2:23-cv-00373-PP   Filed 11/27/23   Page 8 of 8   Document 18